JOSÉ ÁNGEL ORTIZ, Plaintiff and Appellant, *v.* MUNICIPAL GOVERNMENT OF PONCE ET AL., Defendants and Appellees.

No. R-65-32.      Decided May 5, 1967.

*Rafael Muñoz Ramos* and *Inez Acevedo de Campos* for appellant. *Santiago C. Soler Favale* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On *March 5, 1964*, appellant José Ángel Ortiz filed a complaint claiming damages caused by the negligent actions attributed to agents and employees of the Municipality of Ponce. In addition to the municipal entity he included as defendant the insurance company of the latter, which was designated by the fictitious name of "John Doe, Inc." incorporating, as justification, an allegation which read: "That defendant Government is insured to answer for the damages which may be caused as a result of the facts to which this complaint refers, and because plaintiff does not know the name of the insurance company he hereby designates it by the name of John Doe, Inc., thus joining it as defendant."

The alleged negligence was based on the following facts. On *February 19, 1963*, Ortiz had received medical treatment in Hospital Tricoche, owned and operated by the Municipality of Ponce, for a lacerated wound on the ring finger of his left hand and another wound on his right arm, without describing the circumstances under which he suffered them or the agent which caused them; and that, on the *following March 25* he suffered an infection in the wounds, for which reason he was confined again in the hospital where he was submitted to an operation performed so inadequately and unskillfully that it has caused him a permanent disability in the functions of the left arm.

On *April 14, 1964*, plaintiff filed an amended complaint[1] in which he literally reproduces the allegations constituting the negligent action. The only amendment is the identification of the insurance company as Carolina Insurance Co.

■ Mr. Santiago C. Soler Favale promptly appeared in the record in representation of "the defendants", notified interrogatories to plaintiff and requested an extension to answer, but only on behalf of the Municipality of Ponce.

---

[1] It appears from the record that "summons" were issued in relation to the original complaint; not so as to the amended complaint. The proofs of service by the marshal or any private person do not appear.

Then, a month later, he presented the answer in the name of defendants, in which, among other things, he explained that the correct name of the insurance company is Carolina Casualty Insurance Company. He adduced, as special defenses that, (a) the complaint did not adduce facts constituting a cause of action; (b) the lack of jurisdiction for failure to comply with the provision in § 96 of the Municipal Law, Act No. 142 of July 21, 1960, 21 L.P.R.A. § 1603, concerning the requirement of notice to the municipalities of claims of any nature[2] and (c) the prescription of the action against the insurance company because more than one year had elapsed from the occurrence of the accident to the filing of the amended complaint, in which defendant was first joined as party. It is well known that for purposes of prescriptions the date when a defendant is sued is inexorably fixed by the date he is first joined as defendant, *Bithorn* v. *Santana*, 68 P.R.R. 281 (1948).

The trial court held a hearing for the discussion of the special defenses, and on November 25, 1964 entered an order dismissing the complaint on the grounds previously mentioned under letters (a) and (b), that is, the failure to notify the accident. Considering it unnecessary, it made no pronouncement concerning the defense of prescription filed.

We decided to review these actions.[3]

---

[2] It is significant that said section having been already construed in *Mangual* v. *Superior Court*, 88 P.R.R. 475 (1963), and in *García* v. *Northern Assurance Co.*, 92 P.R.R. 236 (1965), the Legislative Assembly, by Act No. 121 of June 24, 1966, 32 L.P.R.A. § 3077a, added § 2A to the Act on Claims and Suits against the Commonwealth, Act No. 104 of June 29, 1955 with the identical text of § 96 of the Municipal Law.

Simultaneously § 96-A was added to the Municipal Law by Act No. 119 of June 24, 1966, 21 L.P.R.A. § 1603a limiting the liability to certain amounts, the same as when the defendant is the Commonwealth, Act No. 111 of June 30, 1965. See *Ramos Rivera* v. *Commonwealth*, 90 P.R.R. 795 (1964).

[3] Although the petition was entitled a review, we considered it as a certiorari since it appears from the examination of the original record that the Superior Court has not rendered final judgment.

█ 1. In *Mangual* v. *Superior Court*, 88 P.R.R. 475 (1963) we established that compliance with the notice requirement to the municipality is a condition precedent of strict compliance in order to be able to sue the municipality for recovery of damages. Admitting that in the present case no notice was given, the order of dismissal as to the Municipality of Ponce should prevail.

█ Not so as to its insurer, Carolina Casualty Insurance Company, since in *García* v. *Northern Assurance Co.*, 92 P.R.R. 236 (1965), decided subsequent to the order we are reviewing, we said that this defense is not at the disposal of the insurance company which has assumed the liability for the actions of the municipal agents or employees by virtue of an insurance contract. Therefore, the trial court erred in dismissing, on this ground, the complaint as to the company.

2. Although the company agrees that the error was committed, it insists that we should affirm the effects of the order relying therefor on the defense of prescription which it timely filed. It maintains that as the "accident" occurred on February 19, 1963 and the company was actually joined in the suit when the amended complaint was filed on April 14, 1964, more than the one-year period granted by law to bring an action for damages had elapsed. It relies on two mistaken premises: one of fact; one of law.

After examining the pleadings it will be noticed that although it is stated that plaintiff received the injuries on February 19, 1963, the cause chargeable to the negligence of the agents of the municipality to require civil liability is set on the following March 25 when he was confined again to receive treatment and to undergo the operation which allegedly disabled him. If there were any doubt as to this particular, it would be immediately dispelled by the answer offered by plaintiff in an interrogatory served on him. It

says: "The complaint does not refer to any accident, but to inadequate medical treatment."

It having been established that the claim originated on March 25, 1963 it is necessary to consider the other contention which boils down to the determination of when the appellee company was joined as defendant in the suit, a problem which is solved by the interaction of Rules 15.5 and 13.3 of the Rules of Civil Procedure of 1958. They provide:

*Rule 15.5:* "Where the name of a defendant is not known to the plaintiff, he shall so state in the complaint designating him by any name in any proceeding; and, upon learning his real name, he shall make the proper amendment in the pleading or proceeding."

*Rule 13.3:* "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading."

The first has its precedent in § 141 of the Code of Civil Procedure of 1933, 32 L.P.R.A. § 726; the second in Rule 15(c) of the Rules of Civil Procedure of 1943 and in the corresponding federal rule.

In *Fuentes* v. *District Court*, 73 P.R.R. 893 (1952), we said that the provision concerning unknown defendants is applicable to a situation where a plaintiff knows the identity but is ignorant of his real name, but it does not apply where he knows the name and identity, and we remarked at pp. 917 and 918, that "[the] ignorance of defendant's real name must be real and not feigned, false, or spurious." See also, *Armstrong & Co.* v. *Irizarry*, 29 P.R.R. 563 (1921); cf. *Heirs of Molinary* v. *Central Los Caños, Inc.*, 54 P.R.R. 805 (1939). It has been consistently decided in California, whose § 474 of the Code of Civil Procedure corresponds to our § 141, that where a complaint attempts to set forth a cause of action against a defendant designated by a fictitious name and his true name is there-

after discovered and substituted by amendment, he is considered a party to the action from the filing of the original complaint, and that is the date to be considered for determining any contention on extinctive prescription. *Austin* v. *Massachusetts Bonding & Insurance Co.*, 364 P.2d 681 (Cal. 1961), and cases cited on page 682, but an affirmative allegation in the sense that the true name of defendant who is sought to be joined is unknown is required, *Lipman* v. *Rice*, 213 C.A.2d 474 (1963). In general, see, Annotation, *Change in party after statute of limitations has run*, 8 A.L.R.2d 6, 148 *et seq.*; *Suing party defendant by fictitious names*, 22 C.L.R. 685 (1934).

■ A superficial examination of the allegations in the original complaint reveals the unmistakable intent to join the insurance company as defendant. In the absence of a showing of deliberate concealment or intentional lack of diligence which can hardly be sustained by the evidence in the record, 3 Moore, Federal Practice 1044, § 15.15, it is pertinent to grant to plaintiff's action all its validity for the purpose of the interruption of the period of limitation.

■ On the other hand, considering Rule 13.3, it likewise appears that the claim asserted in the original complaint is identical to the one informed by the amended complaint. In *Cintrón* v. *Ins. Ind. & Agr. Exp. Ass'n, Inc.*, 58 P.R.R. 820 (1941) we had already stated that where an action is exercised within the term prescribed by law, if the complaint is amended after that term has expired and the amended complaint does not state a new cause of action but instead amplifies the averments of the original complaint, the amendment dates back to the date of the filing of the original complaint. There exist better grounds now to sustain identical solution in which the controlling concept of sufficiency is not so much the existence of a cause of action as whether there arises from the pleadings the susceptibility to grant

a remedy. But there is more. Under former Rule 15(c) of 1943, we held in *Bithorn* v. *Santana*, 68 P.R.R. 281 (1948), that the allegations of the amended complaint relate back to the date of the original complaint, even though the former sets forth a different cause of action, provided both complaints arise out of the same conduct or transaction. See also, *Valado* v. *Mejía*, 69 P.R.R. 225 (1948) ; *Roses* v. *Juliá*, 67 P.R.R. 485 (1947) ; *Sánchez* v. *Cooperativa Azucarera*, 66 P.R.R. 330 (1946). It is significant once more that the language of Rule 13.3 refers to the "claim" and not to the cause of action.[4] In the present case the claim filed is identical.

By virtue of the foregoing it is proper to set aside the[5] order entered by the Superior Court, Ponce Part, on November 25, 1964 and to order the remanding of the case for further proceedings as to the insurance company.

---

[4] We remarked incidentally that our Rule 13.4 on supplemental pleadings differs from the federal Rule 15(d) in that it permits them "even if the original complaint is inadequate." *Cf. Fajardo* v. *Tax Court*, 68 P.R.R. 691 (1948) decided under former Rule 15(d) of 1943.

[5] It is not necessary to discuss whether the timely joinder of the municipality within the year of limitation did effectively interrupt the period of limitation as to the insurance company, or the manner in which this problem may be affected by the nature of the "direct action" recognized to that made only against the insurance company. See *Trigo* v. *The Travelers Insurance Co.*, 91 P.R.R. 843 (1965).